1  CENTER FOR DISABILITY ACCESS
   RAYMOND G. BALLISTER, JR., SBN 111282
2  Mail: P.O. Box 262490
   San Diego, CA 92196-2490
3  Deliveries: 9845 Erma Road, Suite 300
   San Diego, CA 92131
   Phone: (858) 375-7385
4  Fax: (888) 422-5191
   SaraG@potterhandy.com
5  Attorneys for Plaintiff Scott Johnson

6  DAVID M. OVERSTREET, IV, No. 103039
   RACHELLE TAYLOR GOLDEN, No. 295385
7  OVERSTREET & ASSOCIATES
   Attorneys At Law,
8  1300 E. Shaw Avenue, Suite 125
   Fresno, CA 93710
9  Telephone: (559) 221-2771
   Facsimile: (559) 221-2775
10 Attorneys for Defendants Joon I. Ahn, Shin S. Ahn, and
   Clear Three Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson,** | Case No. 2:16-CV-01079-MCE-EFB |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **Joon I. Ahn,** AB Living Trust dated 1/8/2009; **Shin S. Ahn,** AB Living Trust dated 1/8/2009; **Clear Three, Inc.,** a California Corporation; and Does 1–10, | |
| Defendants. | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

-1-

Stipulated Protective Order

2. Pursuant to Local Rule 141.1(c), the following categories of information are covered under this Order:

   (a) Financial information: the financial information of the parties including, but not limited to, profit and loss statements, federal and state tax returns, financial audits, bank statements, income and expense sheets, rent receipts and business loan documents, and any other such financial documents relevant to the claims and defenses in this case. Protection is required for this category of documents so as to protect the financial privacy of the parties. Court order is required for the protection of this information rather than a private agreement between the parties because of the sensitivity of such information.

   (b) Ownership information: including, but not limited to, those establishing ownership, lessor rights and obligations, lessee rights and obligations, and/or operating agreements related to the property at issue in this case. Protection is required for this category of documents so as to protect the privacy of the parties, the privacy of any third parties identified in these agreements, and any proprietary business information contained in these documents. Court order is required for the protection of this information rather than a private agreement between the parties because of the sensitivity of such information.

3. Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

4. All documents produced under this Stipulation shall be designated as "CONFIDENTIAL." The disclosed documents shall be used solely in connection with Eastern District Case No. 2:16-CV-01079-MCE-EFB, commonly referred to *Johnson v. Ahn, et* al., and in the preparation and trial of this case, including any related motions.

Stipulated Protective Order

5. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

6. During the course of any deposition or other proceeding in the course of this litigation which is the subject matter of this suit, at any time the information sought consists of "CONFIDENTIAL" information, the court reporter will note said reference on the record and will thereafter designate that portion of the transcript and/or document involved as "CONFIDENTIAL" and all such portions of transcripts supplied shall be so designated.

    (a) Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

7. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

8. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) A party, or an officer, director, or employee;
    (b) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;
    (c) Court reporter(s) employed in this action;
    (d) A witness at any deposition or other proceeding in this action; and
    (e) Any other person as to whom the parties in writing agree.

Stipulated Protective Order

9. Depositions shall be taken only in the presence of qualified persons.

10. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY"(hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

11. Should any information designated CONFIDENTIAL be disclosed through inadvertence or otherwise, to any person not authorized to receive it under this Stipulation, the disclosing person(s) shall promptly (a) inform the other parties of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s), (b) use best efforts to bind the recipient(s) to the terms of this Stipulation and (c) use all efforts to retrieve any and all copies of the unauthorized disclosure or document. No information shall lose its CONFIDENTIAL status because it was disclosed to a person not authorized to receive it under this Stipulation. After exhausting efforts to retrieve the inadvertent disclosure of CONFIDENTIAL documents, and where this is a showing of gross negligence in the inadvertent disclosure of CONFIDENTIAL information, the parties reserve the ability to bring a motion for contempt for violation of this Stipulation only where efforts to retrieve and destroy inadvertent disclosure have failed, as to avoid the necessity of Court involvement in any dispute regarding the inadvertent disclosure of CONFIDENTIAL documents.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

Stipulated Protective Order

13. Pursuant to Local Rule 141.1(e), documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 141.

14. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

15. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

16. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17. After the conclusion of this litigation, all CONFIDENTIAL documents received under the provisions of this Stipulation, including all copies made, shall 1) be destroyed with certification to the opposing counsel an itemization of destroyed documents; or 2) be tendered back to the attorneys for the Defendants in a manner in which the Defendants will be able to reasonably identify that all documents were returned. Plaintiff, and his counsel, shall represent and certify that no copies (whether in any format, paper, electronically stored information, or any other storage or copying medium of any kind) have been retained, with the exception of deposition testimony with may be kept for record-keeping purposes, keeping the CONFIDENTIAL information separate from the otherwise non-confidential deposition testimony, as described supra, and said documentation retains its CONFIDENTIAL status.

Stipulated Protective Order

18. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall either destroy the CONFIDENTIAL information and make an itemized list of the destroyed CONFIDENTIAL documents and materials, or assemble and return to each other all documents and material, with the exception of deposition transcripts as described supra, designated as confidential and all copies of same, or shall certify the destruction thereof.

**IT IS SO STIPULATED.**

DATED: March 28, 2017                    CENTER FOR DISABILITY ACCESS


By: /s/ Sara Gunderson
SARA GUNDERSON
Attorneys for Plaintiff

DATED: March 28, 2017                    OVERSTREET & ASSOCIATES


By: /s/ Rachelle Taylor Golden
RACHELLE TAYLOR GOLDEN
Attorneys for Defendants, Joon I. Ahn, Shin S. Ahn and Clear Three Inc.

**IT IS SO ORDERED.**

Dated: April 11, 2017

_____
EDMUND F. BRENNAN
United States Magistrate Judge

Stipulated Protective Order